UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

Case No. 1:20-cv-01161-CCE-JEP

| | |
|---|---|
| WANDA COCKERHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LIBERTY HEALTHCARE MANAGEMENT INC; LIBERTY HEALTHCARE PROPERTIES OF YADKIN COUNTY, LLC; LIBERTY HEALTHCARE INSURANCE, LLC; LIBERTY HEALTHCARE PROFESSIONALS, LLC; JARE HOLDINGS, LLC; LIBERTY HEALTHCARE GROUP, LLC, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants Liberty Healthcare Management Inc, Liberty Healthcare Properties of Yadkin County, LLC, Liberty Healthcare Insurance, LLC, Liberty Healthcare Professionals, LLC; JARE Holdings, LLC; and Liberty Healthcare Group, LLC (collectively, the "Defendants"), by and through the undersigned counsel, responding to the allegations of the Complaint filed by Wanda Cockerham ("Plaintiff"), alleges and says as follows:

## **ANSWER**

# NATURE OF ACTION[1]

1. Defendants state that Paragraph 1 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 1 of the Complaint.

## II. PARTIES

2. Upon information and belief, Defendants admit that Plaintiff is a resident of Yadkin County, North Carolina. Except as specifically admitted herein, Defendants deny the allegations set forth in Paragraph 2 of the Complaint.

3. Defendants admit that Liberty Healthcare Management, Inc. is established under North Carolina law, transacts business in the state, has its principal offices in Wilmington, North Carolina, and at all times pertinent to this action employed in excess of 50 employees. Except as specifically admitted herein, Defendants deny the allegations set forth in Paragraph 3 of the Complaint.

4. Defendants admit that Liberty Healthcare Properties of Yadkin County, LLC is established under North Carolina law and has its principal offices in Wilmington, North Carolina. Except as specifically admitted herein, Defendants deny the allegations set forth in Paragraph 4 of the Complaint.

5. Defendants admit that Liberty Healthcare Insurance, LLC is established under North Carolina law, transacts business in the state, and has its principal offices in

---

[1] Defendants use the paragraph description headings from Plaintiff's Complaint solely to facilitate the parties' and the Court's analysis of this Answer. Defendants deny any substantive allegations contained in paragraph description headings in Plaintiff's Complaint.

Wilmington, North Carolina. Except as specifically admitted herein, Defendants deny the allegations set forth in Paragraph 5 of the Complaint.

6. Defendants admit that Liberty Healthcare Professionals, LLC is established under North Carolina law, transacts business in the state, and has its principal offices in Wilmington, North Carolina. Except as specifically admitted herein, Defendants deny the allegations set forth in Paragraph 6 of the Complaint.

7. Defendants admit that JARE Holdings, LLC is established under North Carolina law, transacts business in the state, and has its principal offices in Wilmington, North Carolina. Except as specifically admitted herein, Defendants deny the allegations set forth in Paragraph 7 of the Complaint.

8. Defendants admit that Liberty Healthcare Group, LLC is established under North Carolina law, transacts business in the state, and has its principal offices in Wilmington, North Carolina. Except as specifically admitted herein, Defendants deny the allegations set forth in Paragraph 8 of the Complaint.

9. Admitted.

10. Defendants admit that they share a principal office address and that the entities have some owners in common. Except as specifically admitted herein, Defendants deny the allegations set forth in Paragraph 10 of the Complaint.

11. Denied.

## FACTS

12. Admitted upon information and belief.

13. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 13 of the Complaint, and thus these allegations are denied.

14. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 14 of the Complaint, and thus these allegations are denied.

15. Defendants admit that Plaintiff worked at the facility at 903 West Main Street (the "Facility") for a period of time. Defendants deny that Plaintiff last worked at the Facility on February 1, 2020. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 15 of the Complaint, and thus, except as specifically admitted herein, these allegations are denied.

16. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 16, as it is unclear what time period is being referenced in this Paragraph. Thus, these allegations are denied.

17. Denied.

18. Denied.

19. Denied.

20. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 20 of the Complaint, and thus these allegations are denied.

### Defendant's Acquisition of Plaintiff's Prior Employer

21. Defendants admit that an entity intended an acquisition affecting the Facility where Plaintiff worked and that such plans were announced to some employees working at the Facility in the fall of 2019. Except as specifically admitted herein, Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22. Admitted.

## Defendant's Discriminatory Treatment of Plaintiff

23. Defendants admit that, in the fall of 2019, representatives of the acquiring entity visited the Facility to conduct due diligence. Except as specifically admitted herein, Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24. Denied.

25. Defendants admit that Jeff Wilson and Sandy McNeill spoke to Plaintiff in November 2019. Because the prior owner of the facility represented that Plaintiff intended to retire, Wilson and McNeill asked Plaintiff about this issue to determine the hiring needs at the facility after the acquisition. Plaintiff informed Wilson and McNeill that she intended to keep working in an Administrator capacity. Except as specifically admitted herein, Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. Defendants admit that, during Plaintiff's meeting with Wilson and McNeill, Plaintiff expressed interest in working three more years before retiring. Except as specifically admitted herein, Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27. Defendants admit that Plaintiff met with Wilson and Paul Babinski in December 2019 to discuss her employment after the acquisition and that Plaintiff

expressed interest in the Administrator role after the acquisition. Except as specifically admitted herein, Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. Denied.

29. Defendants admit that, during Plaintiff's meeting with Wilson and Babinski in December 2019, Wilson and Babinski asked about the prior owner's representation that Plaintiff intended to retire upon the acquisition and whether she would work at the facility after the acquisition. Except as specifically admitted herein, Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. Defendants admit that, upon being told that Plaintiff had no plans to retire immediately, Wilson and/or Babinski stated that, if she decided to retire in the future she would be treated in a manner fitting for her tenure. Except as specifically admitted herein, Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31. Defendants admit that Babinksi and Plaintiff interviewed Elizabeth Lockett for an open position at the facility. Except as specifically admitted herein, Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants admit that Ms. Lockett is younger than Plaintiff and, while highly qualified to serve as a Director of Nursing, has been working for fewer years than Plaintiff. Except as specifically admitted herein, Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Denied.

34. Defendants admit that, on or about February 1, 2020, the acquisition affecting the Facility was effective and a new entity assumed control of its operations. Defendants further admit that the Facility has 147 licensed skilled nursing beds. Except as specifically admitted herein, Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Denied.

36. Admitted.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Defendants admit that Plaintiff was in email communication with David Snow, an employee in Liberty Healthcare Management Inc.'s Employee Relations Department, on February 24, 2020. Except as specifically admitted herein, Defendants deny the allegations contained in Paragraph 41.

42. Defendants admit that on or around February 26, 2020, Plaintiff had a brief conversation with David Snow. Except as specifically admitted herein, Defendants deny the allegations contained in Paragraph 42.

43. Defendants admit that on or around February 26, 2020, Plaintiff had a brief conversation with David Snow. Except as specifically admitted herein, Defendants deny the allegations contained in Paragraph 43.

44. Denied.

### Defendant's Unlawful Termination of Plaintiff's Employment

45. Denied.

46. Denied.

47. Defendants admit that Plaintiff's then-current employer asked her not to return to the worksite so that it could investigate allegations of serious misconduct regarding her work performance. Except as specifically admitted herein, Defendants deny the allegations set forth in Paragraph 47 of the Complaint.

48. Defendants admit that Plaintiff was notified of her termination (and her opportunity to resign) with her then-current employer on or about March 6, 2020 for violating her then-current employer's policies and state regulations. Except as specifically admitted herein, Defendants deny the allegations set forth in Paragraph 48 of the Complaint.

49. Denied.

50. Denied.

51. Denied.

### ADMINISTRATIVE REMEDIES

52. Admitted.

53. Defendants admit that Plaintiff's EEOC charge alleged age discrimination and retaliation under the ADEA. Defendants deny that these allegations have any merit. Except as specifically admitted herein, Defendants deny the allegations set forth in Paragraph 53 of the Complaint.

54. Admitted upon information and belief.

55. Defendants admit that the EEOC issued Plaintiff a document entitled "Dismissal and Notice of Rights" on August 25, 2020, noting that it was unable to conclude that the information provided by Plaintiff established violations of any statutes. This document further described Plaintiff's legal right to file a lawsuit. Except as specifically admitted herein, Defendants deny the allegations set forth in Paragraph 55 of the Complaint.

56. Denied.

### FIRST CLAIM FOR RELIEF

### Age Discrimination in Violation of the ADEA

57. Defendants hereby incorporate its responses to the foregoing paragraphs as if fully set forth herein.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

### SECOND CLAIM FOR RELIEF

### Wrongful Discharge in Violation of the Public Policy of North Carolina –

### Age Discrimination

62. Defendants hereby incorporate their responses to the foregoing paragraphs as if fully set forth herein.

63. Defendants state that Paragraph 63 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 63 of the Complaint.

64. Denied.

65. Denied.

66. Denied.

    a. Denied.

    b. Denied.

67. Denied

68. Denied.

69. Denied.

## THIRD CLAIM FOR RELIEF

### Retaliation in Violation of ADEA[2]

70. Liberty hereby incorporates it responses to the foregoing paragraphs as if fully set forth herein.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

---

[2] Plaintiff's Complaint mistakenly numbers the paragraphs under this third claim as 63 through 68, repeating paragraphs already used previously in the Complaint. For clarity, this Answer continues the numbering at 70, such that its Paragraph 70 corresponds to the second Paragraph 63 in the Complaint (and so on).

75. Denied.

## PRAYER FOR RELIEF

Defendants deny all allegations and claims for relief included in Ms. Cockerham's Prayer For Relief. Defendants request that this Court provide Ms. Cockerham with nothing.

## AFFIRMATIVE DEFENSES

Defendants deny that they have engaged in any unlawful employment practices or other unlawful actions against Plaintiff, and it asserts the following affirmative defenses:

## FIRST DEFENSE

Defendants did not employ Plaintiff under the Age Discrimination in Employment Act of 1967, as amended (the "ADEA"), under North Carolina common law, or otherwise.

## SECOND DEFENSE

Defendants made all of their decisions and took all of their actions in this matter for proper and lawful reasons in advancement of legitimate interests and responsibilities entirely unrelated to Plaintiff's age, any other protected category, and/or any alleged complaints of unlawful harassment or discrimination made by her.

## THIRD DEFENSE

The decisions Plaintiff challenges were based on reasonable business factors other than age.

## FOURTH DEFENSE

Plaintiff's claims against Defendants are barred, in whole or in part, because the allegations in Plaintiff's Complaint are outside of the scope of the relevant Charge of Discrimination she filed with the Equal Employment Opportunity Commission.

**FIFTH DEFENSE**

Plaintiff has not filed a Charge of Discrimination with the Equal Employment Opportunity Commission against her employer. Plaintiff has failed to exhaust her administrative remedies against her employer and her claims are thus barred in whole or in part.

**SIXTH DEFENSE**

Plaintiff has suffered no damages as a direct or proximate cause of actions by Defendants.

**SEVENTH DEFENSE**

Plaintiff failed to mitigate any damages (which damages Defendants) properly as required by law.

**EIGHTH DEFENSE**

Plaintiff's claims for damages are barred in whole or in part because the Complaint fails to state facts sufficient to support a claim of punitive, general, compensatory, special and/or economic damages.

**NINTH DEFENSE**

Plaintiff claims for punitive damages are not appropriate as Defendants have undertaken good faith efforts to comply with applicable federal, state, and/or anti-discrimination and retaliation statutory requirements. Plaintiff's claims for punitive

damages are further barred because Defendants have not engaged in any unlawful practice and has not acted with malice or reckless indifference to her rights.

## TENTH DEFENSE

To the extent they are found to be Plaintiff's employer (which Defendants expressly deny), Defendants are entitled to the affirmative defense articulated by the United States Supreme Court in Faragher v. City of Boca Raton, 524 U.S. 775, 807-08 (1998) and Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 764-65 (1998).

## ELEVENTH DEFENSE

Plaintiff's claims against Defendants are barred, in whole or in part, by the applicable statute of limitations.

## TWELFTH DEFENSE

Plaintiff's Complaint is barred, in whole or in part, because the alleged discriminatory employment decisions of Defendants' agents, which Defendants explicitly deny, were contrary to Defendants' good faith efforts to comply with federal, state, and local anti-discrimination laws, policies, common law, and /or orders, including, but not limited to, the ADEA. Defendants' good faith efforts include, but are not limited to, adoption, implementation, and enforcement of valid anti-discrimination policies.

## THIRTEENTH DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, consent, estoppel, laches, unclean hands and/or *in pari delicto*.

## FOURTEENTH DEFENSE

Defendants hereby give notice that they intend to rely upon such affirmative defenses and counterclaims as may become available or apparent during the course of discovery or that may be asserted by other parties.

## CLAIM FOR ATTORNEYS' FEES

There is no basis in fact or in law for the claims asserted by Plaintiff against Defendants. Defendants hereby give notice of their intent to seek an award of attorneys' fees and costs pursuant to any other applicable statutes in this case.

## NOTICE OF POTENTIAL COUNTERCLAIMS

Defendants hereby give notice that they do not waive and expressly reserve the right to assert by amended or supplemental pleading each and every cause of action in their favor now or hereafter existing arising from the conduct and actions of Plaintiff, as warranted, based upon facts learned or discovered prior to trial.

WHEREFORE, Defendants respectfully request that:

1. Plaintiff's Complaint be dismissed in its entirety, with prejudice;
2. Defendants be awarded their costs and reasonable fees; and
3. Defendants be granted such other and further relief as the Court deems just and proper.

This the 5th day of January, 2021.

/s/ Kyle R. Still
Kyle R. Still (NC Bar No. 37073)
kstill@wyrick.com
4101 Lake Boone Trail, Suite 300
Raleigh, North Carolina 27607
Telephone: (919) 781-4000
Facsimile: (919) 781-4865

*Attorneys for Defendants Liberty Healthcare Management Inc, Liberty Healthcare Properties of Yadkin County, LLC, Liberty Healthcare Insurance, LLC, Liberty Healthcare Professionals, LLC; JARE Holdings, LLC; and Liberty Healthcare Group, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of January, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Daniel C. Lyon, Esq., and I hereby certify that I have mailed the document to the following non CM/ECF participants: not applicable.

This the 5th day of January, 2021.

/s/ Kyle R. Still
Kyle R. Still (NC Bar No. 37073)
kstill@wyrick.com
4101 Lake Boone Trail, Suite 300
Raleigh, North Carolina 27607
Telephone: (919) 781-4000
Facsimile: (919) 781-4865

*Attorney for Defendants Liberty Healthcare Management Inc, Liberty Healthcare Properties of Yadkin County, LLC, Liberty Healthcare Insurance, LLC, Liberty Healthcare Professionals, LLC; JARE Holdings, LLC; and Liberty Healthcare Group, LLC*